UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WENTWORTH CIVIL RIGHTS CASES, | No. 21-cv-00757-BAS-AGS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 16); AND**<br><br>**(2) DENYING MOTION TO REINSTATE DISMISSED ACTION AND ENTER JUDGMENT (ECF No. 18)** |

On April 16, 2021, Ms. Dawn Wentworth, on her own behalf and on behalf of her two children, Yaw Appiah and Journee Hudson, filed seventy-four civil rights complaints in this federal district court. Many of these complaints are duplicative, suing the same defendants with the same allegations. The Court issued an order consolidating most of the cases. (Electronic Case Filing ("ECF") No. 5.) The Court also issued an order setting a hearing to discuss Ms. Wentworth's many lawsuits. (ECF No. 8.) Ms. Wentworth did not appear at the hearing. (ECF No. 10.)

In this consolidated case, the Court granted the request to proceed *in forma pauperis* ("IFP") and dismissed the underlying complaints because they did not state a claim. (ECF

No. 11.)  The Court ordered Ms. Wentworth to file an Amended Complaint by August 27, 2021.  (*Id.*)  She did not do so.  Then, in November 2021, Ms. Wentworth filed two motions presently before the Court:  a request for appointment of counsel (ECF No. 16); and a motion to reinstate this consolidated action and enter judgment (ECF No. 18).

## I. APPOINTMENT OF COUNSEL

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Tr. Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994).  Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *accord Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Ms. Wentworth seeks appointment of counsel because she argues she lacks funds to hire an attorney and has no legal training. (ECF No. 16.)  Having reviewed Ms. Wentworth's request, the Court concludes there are not "exceptional circumstances" warranting an appointment in this case.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2004).  Therefore, the Court **DENIES** Ms. Wentworth's request for appointment of counsel.

## II. MOTION TO REINSTATE ACTION

Ms. Wentworth asks the Court to "reinstate all cases dismissed" and "enter a judgment in favor of" Plaintiffs "and against all defendants [in the] dismissed cases jointly

and severally in the amount of" relief sought. (ECF No. 18.) As mentioned above, the Court screened Ms. Wentworth's many complaints and ordered her to file an Amended Complaint by August 27, 2021. (*Id.*) Because she did not file an Amended Complaint that states a plausible claim or follow the Court's instructions to continue with this consolidated case, her motion lacks merit. Therefore, the Court **DENIES** Ms. Wentworth's motion to reinstate this action.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Ms. Wentworth's Motion to Appoint Counsel. (ECF No. 16.) The Court also **DENIES** Ms. Wentworth's Motion to Reinstate Dismissed Action and for Entry of Judgment. (ECF No. 18.)

**IT IS SO ORDERED.**

**DATED: November 29, 2021**

Hon. Cynthia Bashant
United States District Judge