UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WENTWORTH CIVIL RIGHTS CASES, | No. 21-cv-00757-BAS-AGS<br><br>**TENTATIVE ORDER DECLARING DAWN WENTWORTH A VEXATIOUS LITIGANT** |

For the following reasons, the Court tentatively declares Dawn Wentworth a vexatious litigant for these consolidated civil rights cases. The Court gives Ms. Wentworth an opportunity to respond to this tentative order by appearing on **April 25, 2022, at 3:00 p.m. in Courtroom 4B**. The Court will also tentatively subject Ms. Wentworth to a pre-filing order for any new cases related to these consolidated actions, which will be confirmed or lifted after the April 25, 2022 hearing.

**I.     Background**

On April 16, 2021, Ms. Dawn Wentworth, on her own behalf and on behalf of her two children, Yaw Appiah and Journee Hudson, filed seventy-four civil rights complaints in this federal district court. Many of the complaints were duplicative; they sued the same defendants based on the same allegations. On June 16, 2021, she added one more case with duplicative allegations. The listed basis of federal jurisdiction in all seventy-five of

these cases was "the Civil Rights Act of 1964" and "the Unruh Civil Rights Act." The Court consolidated sixty-eight of these cases that made the same allegations against a school district, teachers, law enforcement, and others concerning events involving her children's education. These sixty-eight cases were consolidated under the name *In re Wentworth Civil Rights Litigation*, Case No. 21-cv-0757-BAS-AGS, and are shown in Attachment 1.

The Court scheduled a hearing for May 17, 2021, and ordered Ms. Wentworth to appear to discuss these duplicative lawsuits. (ECF No. 4.) The Court warned Ms. Wentworth that if she did not appear for the hearing, the Court would issue an order to show cause as to why she should not be declared a vexatious litigant. (*Id.*) When both the order of consolidation and the order setting a hearing were returned as undeliverable, the Court reissued the order and changed the zip code from 92065 to 92068. (ECF No. 8.) Although this reissued order was not returned, Ms. Wentworth failed to appear for the May 17, 2021 hearing.

The Court then granted Ms. Wentworth and her children's Motions to Proceed *In Forma Pauperis*, but dismissed the consolidated sixty-eight cases under Rule 8 and for failure to state a claim and gave Ms. Wentworth until August 27, 2021 to file an Amended Complaint. (ECF No. 11.) The order of dismissal was returned to the Court—again as undeliverable—despite being sent to the updated zip code of 92068. Further, Ms. Wentworth failed to file an amended complaint.

On November 17, 2021, Ms. Wentworth moved to reinstate the dismissed action. (ECF No. 18.)[1] However, she did not provide any amended complaint curing the defects outlined in the Court's dismissal order.

With respect to the other seven non-consolidated cases, the Court also granted Ms. Wentworth's requests to appear *in forma pauperis*, but again dismissed the complaints

---

[1] Despite the fact that the order dismissing the cases was returned as undeliverable, Ms. Wentworth is apparently tracking the progress of her cases since she attaches information about the Court's order of dismissal.

under Rule 8 and for failure to state a cause of action. (*See Wentworth v. HHSA Co. Admin. Ctr.*, No. 21-cv-697-BAS; *Wentworth v. Uber Corp. Headquarters HA*, No. 21-cv-699-BAS; *Wentworth v. Sw. Airlines HQ*, No. 21-cv-702-BAS; *Wentworth v. Chase Inc.*, No. 21-cv-0730-TWR; *Appiah, Hudson & Wentworth v. Big O Tires*, No. 21-cv-0737-BAS; *Appiah, Hudson & Wentworth v. Oceanside Tire & Service Ctr.*, No. 21-cv-0755-BAS; *Wentworth v. NCHS Oceanside Health Ctr. & Personnel*, No. 21-cv-0756-BAS.) The Court gave Ms. Wentworth until September 3, 2021 to file an amended complaint. Ms. Wentworth failed to do so.[2]

On November 12 and 15, 2021, Ms. Wentworth filed another sixteen cases. As a preliminary matter, the address listed on all sixteen of these cases is the same address that has resulted in a return of mail as undeliverable in past cases. Furthermore, in six of these cases, Ms. Wentworth specifically indicates that this is the second time she has filed the case, as the original was filed in April 2021. (*See Wentworth v. Larsen*, No. 21-cv-1935-BAS; *Wentworth v. AM/PM After School Program*, No. 21-cv-1936-BAS; *Wentworth v. Calif. Bd. of Educ.*, No. 21-cv-1938-BAS; *Wentworth v. Parco*, No. 21-cv-1939-BAS; *Wentworth v. U.S. Dept. of Educ.*, No. 21-cv-1941-BAS; *Wentworth v. Sw. Airlines*, No. 21-cv-1943-BAS.) Thus, although the original cases were dismissed with leave to amend, rather than amending, Ms. Wentworth simply waited and then refiled new cases. Unfortunately, the new cases did not cure the defects outlined in the Court's earlier orders dismissing the actions.

Seven of the new cases had duplicate allegations about a racial slur allegedly being used during an on-line gym class between September 13 and September 24, 2021. (*See Wentworth v. Calif. Connections Academy*, No. 21-cv-1926-BAS; *Wentworth v. Pavlich*, No. 21-cv-1927-BAS; *Wentworth v. Conley*, No. 21-cv-1928-BAS; *Wentworth v. Tamayo*, No. 21-cv-1929-BAS; *Wentworth v. Savage*, No. 21-cv-1930-BAS; *Wentworth v. Rivas*,

---

[2] Again, the Court's orders granting dismissal were returned as undeliverable. The Court later recused on one of these cases: *Wentworth v. Chase, Inc.*, No. 21-cv-00730-TWR-AGS. That case is likewise now closed because Ms. Wentworth did not file an amended pleading.

No. 21-cv-1931-BAS; *Wentworth v. Pulsipher*, No. 21-cv-1932-BAS.) Although the cases each listed a different defendant, they appeared to arise out of the same event and should have been combined into one case, particularly given the Court's guidance to Ms. Wentworth in her previous cases.

Finally, Ms. Wentworth filed two new cases against AT&T (No. 21-cv-1927-BAS) and Xfinity Comcast (No. 21-cv-1942-BAS)—both arising out of the failure of her security system. And she filed a new case against the U.S. District Court, the sole allegation of which is: "I have filed civil rights violation cases with the U.S. federal court . . . . All the cases were not filed after a change of custody." (No. 21-cv-1940-BAS.)

All of the new cases suffered from the same defects as the original seventy-five cases filed in April and June 2021: they simply did not comply with Rule 8's requirement that the complaint contain a "short and plain statement of [each] claim." Fed. R. Civ. P. 8(a)(2).

This Court set a hearing for December 20, 2021 to determine whether Ms. Wentworth should be declared a vexatious litigant for: (1) repeatedly filing complaints without keeping the Court updated as to a valid address; (2) filing duplicate complaints with insufficient allegations under Rule 8; (3) failing to appear at an earlier hearing when ordered to do so by the Court; (4) rather than filing amended complaints as allowed by the Court, filing new complaints long after the deadline for amendment had passed; and (5) repeatedly filing complaints without any good faith expectation of prevailing. Ms. Wentworth was warned that if she failed to appear for this hearing, the Court was likely to declare her a vexatious litigant.

Ms. Wentworth failed to appear at the hearing. Since then, she has left voicemail messages with the Court, stating more lawsuits need to be filed, that she is in the process of gathering more evidence, and that her mail is being tampered with. Further, Ms. Wentworth has since returned to the courthouse, stating she plans to file an additional eighty lawsuits. She has never addressed any of the Court's concerns about her claims. The Court hence considers whether a vexatious litigant finding is appropriate for the consolidated civil rights cases shown in Attachment 1.

## II.   Analysis

"District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge*, 179 F.3d 1194, 1197 (9th Cir. 1999). "Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Id.*; *see also DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") (quotation marks omitted). Nonetheless, "such pre-filing orders should rarely be filed." *Id*.

In *DeLong*, the Court laid out a four-part test before declaring a litigant vexatious. The first two requirements are procedural: the litigant must have notice and an opportunity to be heard on the issue and there must be an adequate record for review. 912 F.2d at 1147–48. With respect to this second factor, the court "should include a listing of all cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1058 (9th Cir. 2007) (per curiam) (quoting *DeLong*, 912 F.2d at 1147).

The last two factors are substantive. First, the court must make substantive findings that the plaintiff's litigation has been frivolous or harassing. *DeLong*, 912 F.2d at 1148. And, finally, any restriction must be narrowly tailored "to closely fit the specific vice encountered." *Id*. at 1147–48.

### A.   Notice and Opportunity to be Heard

As outlined above, the Court gave Ms. Wentworth multiple opportunities to be heard. (ECF Nos. 4, 8, 20.) The Court warned her that a failure to appear could result in her being declared a vexatious litigant. (ECF No. 20.) These multiple opportunities satisfy the first procedural requirement. *See Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d

1057, 1063 (9th Cir. 2014). And the Court will give her an additional opportunity to respond to this tentative order.

### B.  Adequate Record for Review

In *Molski,* the Ninth Circuit held that a district court compiled a proper record for review where "[t]he record before the district court contained a complete list of the cases filed by Molski in the Central District of California, along with the complaints from many of those cases," and where "[a]lthough the district court's decision entering the pre-filing order did not list every case filed by Molski, it did outline and discuss many of them." *Ringgold-Lockhart*, 761 F.3d at 1063. The Court has included a list of Ms. Wentworth's many civil rights cases in Attachment 1 and summarized them above. Further, the Court incorporates its discussion of these cases from its prior orders. (ECF Nos. 11, 19, 20.) Combined, these efforts provide an adequate record for review. *See Ringgold-Lockhart*, 761 F.3d at 1063–64.

### C.  Substantive Findings of Frivolousness or Harassment

With respect to substantive findings of frivolity or harassment, the court must find more than a showing of litigiousness. "[T]he simple fact that a plaintiff has filed a large number of complaints, standing alone, is not a basis for designating a litigant as 'vexatious.'" *Molski*, 500 F.3d at 1061. Even "the textual and factual similarity of a plaintiff's complaints, standing alone, is not a basis for finding a party to be a vexatious litigant." *Id*. After all, "there is nothing inherently vexatious about using prior complaints as a template." *Id*. Hence, the Court must examine both the number and content of Ms. Wentworth's filings to determine whether they are frivolous or harassing. *See Ringgold-Lockhart*, 761 F.3d at 1064.

Having reviewed Ms. Wentworth's well over fifty civil rights cases, the Court finds they are both frivolous and harassing. They are frivolous because the lawsuits include almost no details about Ms. Wentworth's claims, are duplicative, request millions of dollars in damages, and are repeatedly abandoned once the Court issues a screening order requesting details about the claims. *See Moy v. United States*, 906 F.2d 467, 470 (9th Cir.

- 6 -

21cv0757

1990) ("An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit."). These many cases have consumed "a great deal" of the Court's time, and Ms. Wentworth continues to say she plans to file many more lawsuits, as opposed to respond to the Court's concerns and guidance expressed in prior orders. *See id.* Hence, for those civil rights cases that have been consolidated, the Court finds Ms. Wentworth's filings have been frivolous and harassing.

### D. Narrow Tailoring

Any pre-filing order must be narrowly tailored to fit the specific abuse encountered. The Court finds the appropriate tailoring here is to restrict Ms. Wentworth from freely filing lawsuits "based on the facts and issues" raised in the consolidated civil rights cases shown in Attachment 1. *See Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1526 (9th Cir. 1986). If Ms. Wentworth wishes to proceed with any claims related to those lawsuits, she must address the Court's prior orders in these cases, not file new duplicitous lawsuits.

Further, although Ms. Wentworth has filed various lawsuits against other defendants, which have not been consolidated, those cases appear to arise out of different events. The Court will not subject Ms. Wentworth to a broader pre-filing order that would include all these lawsuits at this time. If Ms. Wentworth files more frivolous lawsuits against new defendants, the Court will consider whether an additional or broader pre-filing order is appropriate.

## III. Conclusion

In light of the foregoing, the Court tentatively declares Ms. Dawn Wentworth a vexatious litigant for these consolidated civil rights cases. Further, the Court sets a hearing for **April 25, 2022, at 3:00 p.m. in Courtroom 4B** on this order. **Aside from appearing at this hearing, Ms. Wentworth may also respond to the Court's tentative order in writing no later than April 25, 2022. Telephone calls and voicemail messages are not acceptable because they do not allow the Court to maintain a record.**

<sup></sup>

Further, the Court tentatively subjects Ms. Wentworth to the following pre-filing order, which the Court will confirm or lift after the April 25, 2022, hearing.  <u>The Clerk of Court is directed not to file any new complaints from Ms. Wentworth that: (a) allege civil rights abuses; or (b) are against any of the defendants shown in Attachment 1.  Instead, the Clerk is directed to send the proposed complaints to the undersigned, who will review them to determine whether they are not frivolous or harassing and should be accepted for filing</u>.

**IT IS SO ORDERED.**

**DATED: April 4, 2022**

Hon. Cynthia Bashant
United States District Judge

## ATTACHMENT 1

| Count | Case | Title | Date Filed |
|---|---|---|---|
| 1 | 3:2021-cv-00681-BAS-AGS | *Hudson et al v. UZI* | 4/16/2021 |
| 2 | 3:2021-cv-00682-BAS-AGS | *Hudson v. Vista Unified School District Board of Trustees et al* | 4/16/2021 |
| 3 | 3:2021-cv-00683-BAS-AGS | *Hudson v. Oceanside Police Department* | 4/16/2021 |
| 4 | 3:2021-cv-00684-BAS-AGS | *Wentworth v. Oceanside Police Dept.* | 4/16/2021 |
| 5 | 3:2021-cv-00685-BAS-AGS | *Wentworth v. Norris* | 4/16/2021 |
| 6 | 3:2021-cv-00686-BAS-AGS | *Appiah et al v. Larsen* | 4/16/2021 |
| 7 | 3:2021-cv-00688-BAS-AGS | *Wentworth v. Appiah et al* | 4/16/2021 |
| 8 | 3:2021-cv-00689-BAS-AGS | *Appiah et al v. Wilson* | 4/16/2021 |
| 9 | 3:2021-cv-00690-BAS-AGS | *Appiah et al v. Walsh* | 4/16/2021 |
| 10 | 3:2021-cv-00691-BAS-AGS | *Hudson et al v. Clark* | 4/16/2021 |
| 11 | 3:2021-cv-00692-BAS-AGS | *Wentworth et al v. Brown* | 4/16/2021 |
| 12 | 3:2021-cv-00693-BAS-AGS | *Hudson v. Clark* | 4/16/2021 |
| 13 | 3:2021-cv-00694-BAS-AGS | *Wentworth et al v. Mission Vista Proxy* | 4/16/2021 |
| 14 | 3:2021-cv-00695-BAS-AGS | *Wentworth v. 9th District PTA* | 4/16/2021 |
| 15 | 3:2021-cv-00696-BAS-AGS | *Hudson v. Allard* | 4/16/2021 |
| 16 | 3:2021-cv-00698-BAS-AGS | *Hudson v. Mission Vista Proxy* | 4/16/2021 |
| 17 | 3:2021-cv-00700-BAS-AGS | *Hudson v. School Counselor* | 4/16/2021 |
| 18 | 3:2021-cv-00701-BAS-AGS | *Wentworth v. San Diego Sheriff's Department* | 4/16/2021 |
| 19 | 3:2021-cv-00703-BAS-AGS | *Wentworth et al v. San Diego County Sheriff's Dept* | 4/16/2021 |
| 20 | 3:2021-cv-00705-BAS-AGS | *Wentworth v. Vista Unified School District* | 4/16/2021 |
| 21 | 3:2021-cv-00706-BAS-AGS | *Hudson et al v. Vista United School District School Counselor* | 4/16/2021 |
| 22 | 3:2021-cv-00707-BAS-AGS | *Hudson v. Vista Unified School District et al* | 4/16/2021 |
| 23 | 3:2021-cv-00708-BAS-AGS | *Wentworth v. Parco* | 4/16/2021 |
| 24 | 3:2021-cv-00709-BAS-AGS | *Hudson v. Shackelford* | 4/16/2021 |
| 25 | 3:2021-cv-00710-BAS-AGS | *Hudson et al v. Allard* | 4/16/2021 |

| Count | Case | Title | Date Filed |
|---|---|---|---|
| 26 | 3:2021-cv-00711-BAS-AGS | *Hudson et al v. Groundskeeper/Security* | 4/16/2021 |
| 27 | 3:2021-cv-00712-BAS-AGS | *Hudson v. UZI* | 4/16/2021 |
| 28 | 3:2021-cv-00713-BAS-AGS | *Hudson v. New English Teacher* | 4/16/2021 |
| 29 | 3:2021-cv-00714-BAS-AGS | *Appiah et al v. Shackelford* | 4/16/2021 |
| 30 | 3:2021-cv-00715-BAS-AGS | *Hudson et al v. New English Teacher* | 4/16/2021 |
| 31 | 3:2021-cv-00716-BAS-AGS | *Appiah et al v. AM/PM Afterschool* | 4/16/2021 |
| 32 | 3:2021-cv-00717-BAS-AGS | *Hudson v. Peppard 1 et al* | 4/16/2021 |
| 33 | 3:2021-cv-00718-BAS-AGS | *Appiah et al v. Vista Unified School District Board of Trustees et al* | 4/16/2021 |
| 34 | 3:2021-cv-00719-BAS-AGS | *Hudson et al v. Ho* | 4/16/2021 |
| 35 | 3:2021-cv-00720-BAS-AGS | *Hudson v. Buck* | 4/16/2021 |
| 36 | 3:2021-cv-00721-BAS-AGS | *Hudson v. Ho* | 4/16/2021 |
| 37 | 3:2021-cv-00722-BAS-AGS | *Appiah et al v. Dambroso* | 4/16/2021 |
| 38 | 3:2021-cv-00723-BAS-AGS | *Hudson et al v. Buck* | 4/16/2021 |
| 39 | 3:2021-cv-00724-BAS-AGS | *Appiah et al v. Martin* | 4/16/2021 |
| 40 | 3:2021-cv-00725-BAS-AGS | *Appiah et al v. Domenici* | 4/16/2021 |
| 41 | 3:2021-cv-00726-BAS-AGS | *Hudson v. Gulley* | 4/16/2021 |
| 42 | 3:2021-cv-00727-BAS-AGS | *Appiah et al v. Westerlund* | 4/16/2021 |
| 43 | 3:2021-cv-00728-BAS-AGS | *Hudson et al v. Zeroski* | 4/16/2021 |
| 44 | 3:2021-cv-00729-BAS-AGS | *Hudson et al v. Gulley* | 4/16/2021 |
| 45 | 3:2021-cv-00731-BAS-AGS | *Appiah et al v. Chagala* | 4/16/2021 |
| 46 | 3:2021-cv-00732-BAS-AGS | *Hudson v. Wiblemo* | 4/16/2021 |
| 47 | 3:2021-cv-00733-BAS-AGS | *Hudson v. McIntosh* | 4/16/2021 |
| 48 | 3:2021-cv-00734-BAS-AGS | *Hudson v. DAmbroso* | 4/16/2021 |
| 49 | 3:2021-cv-00736-BAS-AGS | *Hudson et al v. Wiblemo* | 4/16/2021 |
| 50 | 3:2021-cv-00738-BAS-AGS | *Hudson v. Walsh* | 4/16/2021 |
| 51 | 3:2021-cv-00739-BAS-AGS | *Hudson v. CA Dept of Education* | 4/16/2021 |
| 52 | 3:2021-cv-00740-BAS-AGS | *Appiah et al v. Strohauer* | 4/16/2021 |
| 53 | 3:2021-cv-00741-BAS-AGS | *Hudson v. Peppard* | 4/16/2021 |
| 54 | 3:2021-cv-00742-BAS-AGS | *Hudson et al v. Doyle* | 4/16/2021 |
| 55 | 3:2021-cv-00743-BAS-AGS | *Hudson v. Westerlund* | 4/16/2021 |
| 56 | 3:2021-cv-00744-BAS-AGS | *Appiah et al v. KKK Ku Klux Klan* | 4/16/2021 |
| 57 | 3:2021-cv-00745-BAS-AGS | *Hudson et al v. McIntosh* | 4/16/2021 |

| Count | Case | Title | Date Filed |
|---|---|---|---|
| 58 | 3:2021-cv-00746-BAS-AGS | *Hudson v. Wetmore* | 4/16/2021 |
| 59 | 3:2021-cv-00747-BAS-AGS | *Appiah et al v. Neighbor - 510 Calle Montecito Dr Unit 50 Oceanside CA 92058* | 4/16/2021 |
| 60 | 3:2021-cv-00748-BAS-AGS | *Hudson et al v. Kenney* | 4/16/2021 |
| 61 | 3:2021-cv-00749-BAS-AGS | *Hudson v. Kenney* | 4/16/2021 |
| 62 | 3:2021-cv-00750-BAS-AGS | *Hudson v. U.S. Dept of Education* | 4/16/2021 |
| 63 | 3:2021-cv-00751-BAS-AGS | *Hudson v. Zeroski* | 4/16/2021 |
| 64 | 3:2021-cv-00752-BAS-AGS | *Hudson et al v. Wetmore* | 4/16/2021 |
| 65 | 3:2021-cv-00753-BAS-AGS | *Hudson v. Mission Vista High School* | 4/16/2021 |
| 66 | 3:2021-cv-00754-BAS-AGS | *Hudson et al v. Peppard et al* | 4/16/2021 |
| 67 | 3:2021-cv-00757-BAS-AGS | *Wentworth et al v. Mission Vista High School & Personnel et al* | 4/16/2021 |
| 68 | 3:021-cv-01122-BAS-AGS | *Wentworth v. Peppard* | 6/16/2021 |